**SO ORDERED.**

**SIGNED this 30 day of January, 2014.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                                                                CASE NO.

MANUEL P. STANCIL, JR.                                                             12-08950-8-SWH

       DEBTOR

## MEMORANDUM OPINION

This matter came on to be heard upon the motion of the bankruptcy administrator to dismiss this chapter 7 proceeding pursuant to 11 U.S.C. §§ 707(a), 707(b)(1) and 707(b)(3). Hearings were held in Raleigh, North Carolina on November 14, 2013, and November 20, 2013. Upon the conclusion of the hearings, the court announced that the case would be dismissed, and took the issue of whether the case would be dismissed with prejudice under advisement. After due deliberation, the court determined that the debtor willfully failed to abide by orders and to appear in proper prosecution of his case, and an order was entered on December 31, 2013, dismissing the case with prejudice. The dismissal order, however, was made effective as of November 20, 2013, for all purposes, including § 109(g). This opinion contains the basis for the court's ruling.

### Background

Manuel P. Stancil, Sr. filed a petition for relief under chapter 7 of the Bankruptcy Code on December 19, 2012. The debtor has had several prior bankruptcy cases, having filed petitions on

November 1, 2007 (chapter 13), March 7, 2008 (chapter 13), and February 13, 2012 (chapter 13).[1] With regard to the present petition, the court entered an order on December 19, 2012, scheduling the § 341 meeting of creditors for January 22, 2013. On December 20, 2012, a deficiency notice was issued regarding Schedules A through J, the Statement of Affairs, and the Statement of Current Monthly Income, among other items necessary to administer the case, informing the debtor of the deadlines to file such items. In particular, the notice set the deadline for filing the debtor's schedules and statements as January 2, 2013.[2] On January 21, 2013, the debtor filed a motion to continue the § 341 meeting of creditors set for the next day, stating that he had only recently compiled the information necessary to complete his "emergency" filing, and thus it would be difficult for the trustee to conduct a meaningful meeting of creditors. The court allowed the motion, and rescheduled the meeting of creditors for February 21, 2013.

On February 1, 2013, the bankruptcy administrator filed a Statement of Presumed Abuse pursuant to 11 U.S.C. § 707(b), based on the debtor's failure to submit the schedules and statements pertinent to the means test. On February 4, 2013, nearly two months after filing the petition, the debtor filed his schedules and statements. Schedule D includes secured debt associated with two vehicles: a 2004 Hummer H2 ($17,000) and a 2007 Saturn Sky ($20,239). Schedule I provides that the debtor receives a salary of $700 per month as a minister, as well as income of $100 per month from the operation of a business.[3] The debtor's Statement of Financial Affairs indicates the

---

[1] Case nos. 07-02482-5-ATS, 08-01588-8-ATS, and 12-0114-8-JRL, respectively.

[2] Federal Rule of Bankruptcy Procedure 1007(c) requires the filing of schedules, statements and certain other documents along with the petition or within 14 days thereafter.

[3] Schedule I further indicates that the debtor's non-filing spouse receives monthly gross income of $4,528.00. At the hearing, however, the debtor testified that he and his spouse are

2

following as to debtor's business operations: (1) Preston Investment Firm, LLC, a clothing sale business in operation from July 2005 to August 2010; and (2) Preston Investment Development, LLC, a business of "various" nature, formed in March 2012 and currently operating. Schedule J indicates that the debtor's residence was foreclosed upon around the time the petition was filed, and the debtor estimated that his rental housing expense would be $1,200 per month.

On February 15, 2013, upon the bankruptcy administrator's motion, the court entered an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure authorizing the examination of the debtor and requiring the production of various documents, including paycheck stubs, business profit/loss statements, bank statements, and certain tax returns, by February 28, 2013. On March 4, 2013, the bankruptcy administrator filed the present motion to dismiss the debtor's case pursuant to §§ 707(a), (b)(1), and (b)(3), stating that the debtor failed to comply with the order requiring the production of documents, and therefore it would be impossible to accurately review the debtor's income and expense projections.

On March 5, 2013, the court entered an order directing the debtor to appear and show cause as to why the case should not be dismissed, the discharge denied, or other sanctions imposed for the debtor's failure to appear at the § 341 meeting of creditors, which had been set for February 21, 2013. The next day, the debtor filed a motion to continue the missed § 341 meeting, stating that he did not receive notice of the meeting date on account of a foreclosure on his residence, and that his cell phone was disconnected, preventing him from being reached by his attorney. The continuance was allowed, and on March 12, 2013, the court entered orders dismissing the show cause order and continuing the § 341 meeting to April 12, 2013. On April 1, 2013, the debtor filed a response to the

---

currently separated.

bankruptcy administrator's motion to dismiss, stating that all requested documents would be provided by April 12, 2013. Although the debtor appeared at the April 12, 2013 setting of the § 341 meeting, he was not able to provide verification of his social security number and therefore the meeting could not be held. On that basis, on April 18, 2013, the debtor filed a third motion to continue the § 341 meeting, which was allowed and the § 341 meeting was rescheduled for May 24, 2013. It appears from the docket that the trustee was able to conduct the § 341 meeting on this date.

On June 5, 2013, the debtor filed a motion to continue the hearing on the bankruptcy administrator's motion to dismiss set for the next day, stating that the bankruptcy administrator sought to conduct a Rule 2004 examination and review documents provided by the debtor prior to such a hearing. The hearing was continued to August 6, 2013. The bankruptcy administrator conducted a 2004 examination of the debtor on July 30, 2013, and requested the production of additional documents prior to the hearing on the motion to dismiss. In light of the additional documents requested, the parties consented to a second continuance of the hearing, to October 23, 2013. The October hearing date was rescheduled by the court, however, for November 14, 2013. Based upon the information provided at the initial 2004 exam, or lack thereof, according to the bankruptcy administrator, a second 2004 examination took place on November 6, 2013. The hearing on the motion to dismiss began on November 14, 2013, and was concluded on November 20, 2013.

The bankruptcy administrator contends that the debtor's case should be dismissed for abuse pursuant to § 707(a) of the Bankruptcy Code, on a number of grounds, including the debtor's failure to make full and candid disclosure, failure to make lifestyle adjustments, failure to make efforts to repay debts, unfair utilization of chapter 7, and multiple bankruptcy filings. The bankruptcy administrator further asserts that it remains unclear whether grounds for dismissal exist under §§

707(b)(1) and (b)(3), based upon the debtor's pattern of piecemeal disclosure of financial information. The debtor, on the other hand, contends that he has not acted in bad faith or attempted to take advantage of the bankruptcy system. According to the debtor, the disclosure issues are attributable to several factors, including: a hasty move upon foreclosure on his former residence, a core misunderstanding regarding whether nonprofit and religious entities constitute business interests, the loss of membership and recordkeepers in his church, and emotional struggles upon the death of his sister and separation from his wife. The debtor further asserts that he does not live a lavish lifestyle, in that his current rental housing is smaller and less expensive than his former home, and he does not drive the Hummer because of significant gas costs, nor does he make payments on either vehicle.

## Discussion

The court agrees with the bankruptcy administrator that it is not possible to conduct a meaningful analysis under §§ 707(b)(1) and (b)(3), given the incomplete information contained in the debtor's schedules and statements. Such analysis is unnecessary, however, because cause exists to dismiss the debtor's case pursuant to § 707(a). Section 707(a) of the Bankruptcy Code provides that the court may dismiss a chapter 7 case "after notice and a hearing only for cause . . . ." 11 U.S.C. § 707(a). Although "cause" is not expressly defined in § 707(a), the statute provides three non-exclusive examples of cause for discretionary dismissal:

> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

5

11 U.S.C. § 707(a). In addition, cause for dismissal under § 707(a) has been held to include a lack of good faith in filing the petition. In re Marino, 388 B.R. 679, 682 (Bankr. E.D.N.C. 2008). More particularly, "a debtor's bad faith acts or omissions fall into the same class of such acts or omissions as do the three illustrative examples of 'cause' for dismissal set forth in § 707(a), namely the class of acts or omissions that involves misuse or abuse of the bankruptcy process." McDow v. Smith (In re Smith), 295 B.R. 69 (E.D. Va. 2003).[4] See also Desiderio v. Parikh (In re Parikh), 456 B.R. 1, 36 (Bankr. E.D.N.Y. 2011) (finding that bad faith constitutes cause for dismissal under § 707(a), while acknowledging disagreement among the circuit courts regarding the issue); In re Zick, 931 F.2d 1124, 1126-27 (6th Cir. 1991) (holding that although chapter 7 does not explicitly require good faith, good faith is an implicit jurisdictional requirement, and the lack thereof is a valid basis for dismissal for cause under § 707(a)).

Generally, a "debtor's 'bad faith' or 'lack of good faith' is evidenced by the debtor's deliberate acts or omissions that constitute a misuse or abuse of the provisions, purpose, or spirit of the Bankruptcy Code." Smith, 295 B.R. 69, 74. In ascertaining the debtor's lack of good faith under this section, this district has adopted a non-exclusive totality of the facts and circumstances test. See e.g., In re Marino, 388 B.R. 679, 682; In re Scott, Case No. 10-00794-8-JRL, 7 (Bankr. E.D.N.C. Aug. 6, 2010). These factors include:

> 1. The debtor reduces creditors to a single creditor in the months prior to the filing of the petition;
> 2. The debtor failed to make lifestyle adjustments or continued living an expansive or lavish lifestyle;
> 3. Debtor filed the case in response to a Judgment pending litigation . . . ;

---

[4] In reaching this holding, the McDow court recognized a generalized good faith filing requirement, applying the reasoning of the Fourth Circuit in Carolin Corp. v. Miller, 886 F.2d 693, 698-700 (4th Cir. 1989).

    4. The debtor made no efforts to repay his debts;
    5. The unfairness of the use of Chapter 7;
    6. The debtor has sufficient resources to pay his debts;
    7. The debtor is paying debts to insiders;
    8. The schedules inflate expenses to disguise financial well-being;
    9. The debtor transferred assets;
    10. The debtor's overly utilizing the protections of the Code to the unconscionable detriment of creditors;
    11. The debtor employed a deliberate and persistent plan of evading a single major creditor;
    12. The debtor failed to make candid and full disclosure;
    13. The debts are modest in relation to assets and income; and
    14. There are multiple bankruptcies or other procedural "gymnastics."

In re Marino, 388 B.R. 679, 682 (citations omitted). These factors are intended to serve as a guide, as the court must examine allegations of bad faith in conjunction with the facts of each particular case. In re Scott, Case. No. 10-000794-8-JRL at 8. The presence of any one factor is not typically sufficient for a finding of cause for dismissal, however the presence of multiple factors, when considered together, may suffice. Id.

    In this case, the primary applicable factors are the debtor's failure to make full and candid disclosure, failure to make lifestyle adjustments, failure to make efforts to repay debts, unfair utilization of chapter 7, and multiple bankruptcy filings. Without question, the most significant of these is the debtor's failure to make full and candid disclosure. Although schedules and statements were due within two weeks of filing the petition, they were not filed until nearly two months after the petition date. As the bankruptcy administrator would later learn through two Rule 2004 examinations and related requests for document production, the late-filed schedules and statements were incomplete, lacking certain business interests and sources of income.

    For example, the debtor listed two businesses in which he had an interest in the preceding six years on his Statement of Financial Affairs: Preston Investment Firm, LLC and Preston Investment Development, LLC. The bankruptcy administrator presented evidence of <u>six</u> additional

7

business entities in which debtor had an interest: Greater Harvest International Fellowship, Inc., Providence United Holy Church, Providence Harvest Church, M. Preston Stancil Ministries, Charisma Empowerment Network, Inc., and Harvest Community Development Outreach, LLC (dissolved, but was in operation during the look back period). The debtor's position is that most of the undisclosed entities are churches or religious organizations, and as nonprofit entities, the debtor did not think of these as "business" interests relevant to his statements and schedules. Perhaps this position could have been accepted by the court, had the error been properly rectified immediately upon its realization. Once aware of this issue, however, the debtor did not amend his schedules or statements, nor did he provide the bankruptcy administrator with complete or even adequate documentation regarding such entities. In fact, the bankruptcy administrator's own research was the catalyst for disclosure of some of the information related to debtor's business interests, rather than full and candid disclosure by the debtor.

    As to sources of income in addition to the $800 per month disclosed by the debtor on Schedule I, the bankruptcy administrator presented evidence of funds flowing through Charisma Empowerment Network, Inc., although the debtor testified that he has never received money from the operation of Charisma. According to the debtor, his congregation and others gave him contributions to help defray his housing costs, in light of his strained financial circumstances. The debtor testified that the monies were deposited into the Charisma account because it was the only bank account he had at the time, and he used the money to pay his bills. In addition, the evidence showed debtor's use of a prepaid debit card, the "Achieve" card, with monthly available balances ranging from $0 to $1,523.58. It is not clear whether the monies loaded onto this card were received as salary or additional "contributions." The debtor testified that this card was also used to pay bills.

Further, the evidence revealed two bank accounts which had not been disclosed at the outset of the case, with American Express and State Employees Federal Credit Union. None of this information was disclosed in the debtor's schedules or statements; instead, it only came to light in piecemeal fashion through discovery conducted by the bankruptcy administrator.

   Further significant indicia of abuse in this case is the debtor's failure to make lifestyle adjustments in order to reduce monthly expenses and in turn attempt to repay debts. Prior to this bankruptcy filing, the debtor lived in a 4,400 square foot home. Upon foreclosure on that home, which occurred around the time of the current bankruptcy filing, the debtor chose to rent a 3,800 square foot home. The debtor testified that he pays $2,250 per month in rent. In addition, the debtor has two vehicles available to drive – a Hummer and a Saturn, yet he testified that he has not been making the monthly payments on these vehicles. Although the debtor's household size changed from two to one shortly after filing the petition, no efforts were made to secure less expensive housing, and $2,250 is a substantial housing expense even for two people. The debtor could have likely cut this expense in half by finding alternate suitable housing, thereby freeing funds for the repayment of creditors.

   Finally, under these circumstances, and particularly in light of his three prior bankruptcy filings, the debtor is unfairly utilizing the protections of chapter 7. Based on the lack of key information necessary to properly review the debtor's case, the bankruptcy administrator had to expend substantial time and resources on one individual debtor's case, spanning the course of nearly a year. This is clearly contrary to the purposes and objectives of chapter 7. In fact, at the final hearing, the debtor indicated that he could obtain certain additional bank records in response to

inquiry by counsel for the bankruptcy administrator. Thus, even nearly a year after the petition was filed, it is clear that the debtor still has not provided full disclosure of his financial information.

This combination of multiple factors evidences the debtor's lack of good faith in filing the present petition and continuing a pattern of omission throughout the case. As such, cause exists to dismiss the debtor's case pursuant to § 707(a). Mitigating circumstances were taken into consideration, including the loss of membership in the debtor's church congregation, difficulty in accessing information in the church's possession, the sickness and passing of his sister, separation from his wife, and the emotional problems resulting from these events, which required medical care. Even considering these circumstances, however, the court finds that the totality of the circumstances constitute abuse within the meaning of § 707(a). Counsel for the bankruptcy administrator aptly compared the debtor's case to an onion, in that new layers of information were uncovered each time the debtor was examined or appeared – including even the final hearing. Against this backdrop of intermittent disclosure and the resulting incomplete financial picture, neither the bankruptcy administrator nor the court could meaningfully evaluate whether the missing pieces were innocuous or problematic.

The court further finds cause to dismiss the debtor's case with prejudice pursuant to § 109(g). In failing to appear for his § 341 meeting multiple times, failing to file schedules and statements in a timely manner, and failing to produce documents to the bankruptcy administrator pursuant to a Rule 2004 order, the debtor willfully failed to abide by orders of the court and to appear in proper prosecution of his case. The dismissal of the debtor's case is made effective as of November 20, 2013, for all purposes, including § 109(g). The court believes it will be beneficial to the debtor, as well as his creditors, to have additional time to consider whether to file another petition. Such time

would allow for accuracy and complete disclosure of information, as well as access to church information. Finally, the debtor would have time to find housing more appropriate to his financial condition.

Accordingly, the motion to dismiss is **ALLOWED WITH PREJUDICE** pursuant to § 109(g), effective as of November 20, 2013.

**END OF DOCUMENT**